UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY TERRENCE
WILLIAMS,

    Plaintiff,

v.                                          Case No.:  2:20-cv-731-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**[1]

    Timothy Terrence Williams brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income.[2] (Doc. 1.) For the reasons below, the Administrative Law Judge's (ALJ) decision (Tr. 54-77) is affirmed.

    A court's review of a decision by the Commissioner is limited to whether substantial evidence supports the factual findings and whether the correct

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

legal standards were applied. 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The "threshold for such evidentiary sufficiency is not high." *Id.*

If substantial evidence supports an ALJ's decision, a court must affirm, even if other evidence preponderates against the factual findings. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). The court may not decide facts anew, reweigh evidence, make credibility determinations, or substitute its judgment for the Commissioner's. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

The ALJ found Williams had severe impairments of bipolar disorder, diabetes mellitus with diabetic polyneuropathy, anxiety, posttraumatic stress disorder, mild asthma, residuals from fracture of left foot metatarsals, and obesity. (Tr. 59.) He found Williams has the residual functional capacity (RFC) to perform light work with additional physical and mental limitations:

> [O]ccasionally climb stairs and ramps; never climb ladders or scaffolds; and occasionally stoop and operate foot controls. Must avoid concentrated exposure to extreme cold and heat and pulmonary irritants. Must avoid all unprotected heights. Can understand, remember, and carry out unskilled and semi-skilled work.

(Tr. 63.) Considering the RFC and other evidence, the ALJ found he can perform three unskilled jobs that exist in significant numbers in the national economy and thus is not disabled. (Tr. 68-70.)

Williams argues remand is warranted for three reasons: (1) the ALJ erred in assessing opinions about his physical and mental impairments by a nurse practitioner; (2) the ALJ erred in evaluating Williams's subjective statements; and (3) the ALJ erred in providing a flawed hypothetical to the vocational expert (VE). (Doc. 34.) The Commissioner contends there is no error. (Doc. 34.) The procedural history, administrative record, and law are summarized in the joint memorandum (Doc. 34), and not fully repeated here.

### A. *Opinions of Jose Rodriguez, ARNP*

Williams first argues the ALJ erred in assessing the opinions of Jose Rodriguez, ARNP. (Doc. 34.)

Rodriguez completed forms in which he opined on Williams's ability (both mentally and physically) to perform certain work-related tasks. (*See* Tr. 527-31, mental impairment questionnaire; Tr. 533, physical impairment questionnaire.) The mental impairment questionnaire was completed on behalf of both Rodriguez and Joven Garcia, M.D. (Tr. 527.)

As for mental impairments, Rodriguez checked "none to mild" for most limitations but checked "moderate" for the ability to remember locations and work-like procedures, understand and remember one-to-two step instructions,

3

understand and remember detailed instructions, and complete a workday without interruptions from psychological symptoms. (Tr. 530.) "Moderate" means that the symptoms interfere with Williams's ability to work up to 1/3 of an 8-hour workday. (Tr. 530.)

Addressing the mental questionnaire, the ALJ explained the opinions are partially persuasive and consistent with the other medical evidence. (Tr. 67.) The ALJ rejected only one opinion—that Williams would have problems completing a workday without interruptions from psychological symptoms—finding it unsupported. (Tr. 67.) Referring to Dr. Garcia's treating notes, the ALJ explained that Williams's depression screening was negative (Tr. 67, 540); and that although he has underlying bipolar disorder, his mood seemed stable (Tr. 67, 539).

As for physical impairments, Rodriguez opined that Williams could do less than sedentary work; that he needs to elevate both legs while sitting; he can occasionally lift 0-5 pounds; would be absent from work more than twice a month; and his pain, fatigue, or other symptoms would be severe enough to occasionally interfere with his attention and concentration. (Tr. 535-37.) Rodriguez wrote that Williams's physical limitations were based on evidence of elevated A1C, elevated blood sugar levels, and x-rays documenting cervical/lumbar disc disease. (Tr. 533.)

4

Addressing the physical questionnaire, the ALJ explained the opinion is not persuasive because it is not supported by or consistent with the evidence. (Tr. 67.) Referring to physical exams by Rodriguez and other providers, the ALJ explained that Williams has no significant deficits to support less than sedentary work; exams show no gait disturbance or need for an ambulatory device; he has no weight bearing restrictions; motor strength intact in all extremities; sensory deficits noted, but Williams reported improvement with treatment and medications; and he has only occasional ongoing sensation disturbances. (Tr. 67.)

In 2017, the Social Security Administration (SSA) revised its medical evidence rules. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). The revisions include redefining terms related to evidence; revising how the agency considers medical opinions and prior administrative medical findings; and revising rules about treating sources, acceptable medical sources, and medical and psychological consultants. *Id.* The final rules became effective on March 27, 2017. *Id.*; *Harner v. Soc. Sec. Admin., Comm'r,* 38 F.4th 892, 898 (11th Cir.

5

2022) Because Williams filed his claims after March 27, 2017,[3] *see* Tr. 232, 240, the 2017-revised regulations apply here.

The SSA no longer uses the term "treating source" and will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the SSA will evaluate the persuasiveness of a medical opinion from a medical source considering, as appropriate, "(1) supportability; (2) consistency; (3) relationship with the claimant, which includes (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors." *Id.* §§ 404.1520c(a) & (c)(1)-(5), 416.920c(a) & (c)(1)-(5).

Supportability and consistency "are the most important factors" in determining the persuasiveness of a medical source's medical opinion or prior administrative findings. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Because they are the most important factors, the SSA will explain in the decision "how [it]

---

[3] The ALJ's decision states that Williams applied for SSI and DIB on August 22, 2017 (Tr. 57), but the applications in the transcript are dated October 11, 2017 (Tr. 266-80). For purposes here, the exact date is immaterial.

6

considered the supportability and consistency factors for a medical source's medical opinions." *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, the ALJ followed the regulations by explaining why Rodriguez's opinions are unpersuasive, focusing on supportability and consistency: "The opinion is partially persuasive and consistent with the medical evidence of record." "[T]here is no support that the claimant could not complete a workday without interruptions from psychological symptoms." "The opinion is not persuasive because it is not supported by or consistent with the evidence." (Tr. 67.)

Contrary to Williams's arguments, substantial evidence supports the ALJ's reasoning. In rejecting the opinion that Williams would have problems completing a workday without interruptions from psychological symptoms, the ALJ gave examples: treating notes from Dr. Garcia showed that Williams's depression screening was negative (Tr. 67, 540); and that he has underlying bipolar disorder, but his mood seemed stable (Tr. 67, 539). Elsewhere in the decision, the ALJ stated that mental status examination results show Williams had adequate attention and concentration. (Tr. 62, 477, 482.)

Likewise, in rejecting the opinion that Williams can perform less than sedentary work, the ALJ gave examples: Williams has no significant deficits to support less than sedentary work; exams show no gait disturbance or need for an ambulatory device; he has no weight bearing restrictions; motor strength

7

intact in all extremities; sensory deficits noted, but Williams reported improvement with treatment and medications; and has only occasional ongoing sensation disturbances. (Tr. 67); (*see also* Tr. 540-41, 618-19, 625, 629, 1704-05.) Elsewhere in the decision, the ALJ cites medical evidence supporting these examples. (*See* Tr. 60, 65, 66, 67, 477, 482, Ex. 2A, 5A, 2F, 7F, 8F, 9F, 10F, 12F, 13F, 18F/32, 39.)

Williams contends that the ALJ failed to consider Rodriguez's explanation that Williams has elevated A1C and blood sugar, and that x-rays show cervical/lumbar disc disease. (Doc. 34 at 25.) This contention is unpersuasive. The ALJ considered the elevated A1C and fasting blood sugars (Tr. 64) and Williams's chronic low back problems (Tr. 60, 63). Williams also contends that failing to consider Rodriguez's explanation was error because Rodriguez is a "treating specialist." (Doc. 34 at 25.) But the regulations did not require the ALJ to find a medical opinion persuasive simply because a medical source treated or examined Williams. *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).

Williams argues that although the ALJ agreed with Rodriguez's opinion that Williams has a "moderate" limitation in his ability to remember locations and work-like procedures, understand and remember one-to-two step instructions, and understand and remember detailed instructions, the ALJ did not account for such limitations in the RFC. (Doc. 34 at 29.) Williams further

8

contends that a non-examining psychologist, James Levasseur, Ph.D., similarly opined that Williams is moderately limited in his ability to maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the public; and get along with co-workers or peers without distracting them or exhibiting behavioral extremes. (Tr. 147.) And yet the ALJ did not account for those opinions in formulating the RFC.

Williams's argument fails. A claimant's RFC is the most he can still do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). To determine a claimant's RFC, the ALJ must consider all relevant record evidence. But an ALJ need not refer to all evidence in the decision, so long as the decision makes clear she considered the claimant's "medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

9

Here, the ALJ found Williams could perform semi-skilled[4] and unskilled[5] work after considering the entire record, as well as opinion evidence, including the opinions from Rodriguez and Levasseur, which the ALJ considered properly under the regulations, focusing on consistency and supportability. (Tr. 63, 67.) There is no error.

Williams cites treatment records to show that he has "extensive clinical abnormalities" which support Rodriguez's opinions. (Doc. 34 at 25.) Even so, the issue is not whether some evidence might support Rodriguez's opinions but whether substantial evidence supports the ALJ's finding that the opinions are inconsistent with the record. As explained, it does.

### *B. Williams's Subjective Statements*

Williams next argues the ALJ's evaluation of his subjective statements is not supported by substantial evidence.

---

[4] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work." 20 C.F.R. §§ 404.1568(b), 416.968(b).

[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength. For example, we consider jobs unskilled if the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed. A person does not gain work skills by doing unskilled jobs." 20 C.F.R. §§ 404.1568(a), 416.968(a).

10

The ALJ summarized Williams's testimony:

> [H]e is unable to work due to constant radiating back pain, diabetes mellitus with neuropathy in the extremities, asthma, and mental health problems. Due to his impairments, he can walk/stand for five to ten minutes. Sitting duration depends on his pain level that day. He can lift/carry five pounds. Sometimes he has problems gripping/grasping objects due to neuropathy. He uses his inhaler daily and has not had any emergency room visits in the last year. He has never been psychiatrically hospitalized. He is in counseling and is prescribed psychiatric medications. His medications cause concentration problems at times. The claimant can drive, do household chores, cook meals, wash dishes, and manage money.

(Tr. 63-64.)

To determine disability, the SSA considers symptoms, including pain, and how much the symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Statements about symptoms alone cannot establish disability. *Id.* §§ 404.1529(a), (b); 416.929(a), (b). Objective medical evidence from an acceptable medical source must show a medical impairment that "could reasonably be expected to produce" the symptoms and, when considered with the other evidence, would lead to a finding of disability. *Id.* §§ 404.1529(a), (b); 416.929(a), (b).

To determine how much symptoms affect a claimant's capacity to perform basic work activities, the SSA considers statements about the intensity, persistence, and limiting effects of the symptoms; the statements in relation to the objective medical and other evidence; any inconsistencies in the

11

evidence; and any conflicts between the statements and other evidence, including history, signs, laboratory findings, and statements by others. *Id.* §§ 404.1529(c)(4), 416.929(c)(4).

Effective March 28, 2016, Social Security Ruling (SSR) 16-3p rescinded a previous decision on credibility of a claimant. SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017) (republished). The SSR removed "credibility" from policy because the regulations do not use that term. *Id.* at *2. The SSR clarified that "subjective symptom evaluation is not an examination of an individual's character." *Id.*

An ALJ must clearly articulate explicit and adequate reasons for rejecting a claimant's testimony. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). A court will not disturb a clearly articulated finding supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The ALJ found, "[a]fter careful consideration of the evidence, . . . that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 64.) The ALJ continued, "however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 64.)

12

Besides the medical evidence discussed above, the ALJ articulated explicit and adequate reasons for rejecting Williams's testimony about symptoms and limitations. The ALJ summarized the medical evidence related to mental impairments, diabetes mellitus with diabetic neuropathy, mild asthma, residuals from fracture of left foot metatarsals, and obesity in three, single-spaced pages to outline the improvements shown in the medical records and that otherwise support that Williams can perform light work with additional limitations. (Tr. 64-66.)

Substantial evidence supports those reasons. The medical records, as discussed by the ALJ, show that Williams was not as limited as he alleged. (*See* Tr. 477 (unremarkable mental status exam; no gait disturbances), 482 (unremarkable mental status exam), 539-41 (mood stable), 618-19 (improved off insulin, watching diet), 1704-05 (unremarkable mental status exam, no gait disturbance or need for ambulatory device, no weight bearing restrictions).)

Williams, nevertheless, contends the ALJ erred in relying on his having some improvement and that he stabilized with treatment. (Doc. 34 at 39.) And that the ALJ failed to cite to any evidence that Williams's improvement conflicts with his statements about his physical and mental limitations. (Doc. 34 at 40.)

There is no error in the ALJ relying on improvements to Williams's health cited in the medical records. (Tr. 64, 65, 66, 67.) Although there are

13

medical records showing a decline in Williams's health at times, which the ALJ recognized (Tr. 67), the issue is not whether some evidence might support Williams's allegations but whether substantial evidence supports the ALJ's findings, *see Dyer*, 395 F.3d at 1211.

### C. Hypothetical Question to the VE

Williams lastly argues the ALJ erred by failing to account for the finding that he has moderate restrictions in concentration, persistence, or pace in the hypothetical to the VE.

"An ALJ must account for a claimant's limitations in concentration, persistence, or pace in a hypothetical question to the VE." *Duval v. Comm'r of Soc. Sec.*, 628 F. App'x 703, 712 (11th Cir. 2015). In the decision, the ALJ evaluated the severity of Williams's mental impairments under the "paragraph B criteria."[6] (Tr. 61-63.) Relevant here, the ALJ found that, consistent with the record, Williams has moderate limitation in concentrating, persisting, or maintaining pace. (Tr. 62.) In finding a moderate limitation, the ALJ noted that the medical evidence showed that Williams generally did not complain to

---

[6] The criteria in paragraph B are used to assess functional limitations imposed by medically determinable mental impairments. 20 C.F.R. Part 404, Subpart P, App'x 1 § 12.00(C). Paragraph B requires a disorder of medically documented persistence resulting in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulty maintaining social functioning; (3) marked difficulty maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Part 404, Subpart P, App'x 1 §§ 12.04, 12.06. The limitations found when assessing the "paragraph B" criteria are not an RFC assessment. SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). A mental RFC assessment "requires a more detailed assessment by itemizing various functions." *Id.*

14

treating or examining practitioners of serious difficulty maintaining concentration, persistence, and pace. Williams often reported adequate symptom control from psychiatric medications, but sometimes his medications caused difficulty with concentration. Mental status examination results generally showed Williams had adequate attention and concentration. And treating and examining practitioners did not observe that Williams was too distractible or slow. He reported watching television for pleasure. He has also reported doing various daily tasks that require some concentration, persistence, and pace such as cooking, cleaning, shopping, driving, and managing bills/financial accounts. (Tr. 62.)

In determining the RFC, the ALJ considered the medical evidence, Williams's testimony and activities of daily living, the medical opinions, and accounted for Williams's moderate limitation in mental functioning by finding he is limited to semi-skilled and unskilled work. (Tr. 63.) Substantial evidence supports the RFC, including, as the ALJ found, unremarkable or normal findings throughout the medical record, symptoms controlled on medication, and Williams's statements about his abilities. The ALJ properly relied on the VE's testimony based on the hypothetical mirroring the RFC. An ALJ is "not required to include findings in the hypothetical that [she] had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

"An ALJ may account for [] limitations [in concentration, persistence, or pace] by limiting the hypothetical to unskilled work when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace." *Id.* Here, Williams fails to show he has additional mental limitations that would preclude him from performing the unskilled occupations identified by the VE. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

The Court thus **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Timothy Terrance Williams and close the file.

**ORDERED** in Fort Myers, Florida this August 10, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record